KAISER, APPELLANT, *v.* AMERITEMPS, INC., APPELLEE, ET AL.

[Cite as *Kaiser v. Ameritemps, Inc.* (1999), 84 Ohio St.3d 411.]

(Nos. 97–2380 and 97–2510—Submitted October 27, 1998—Decided February 10, 1999.)

*Michael L. McGowan* and *Paul R. Hoffer*, for appellant.

*Christopher J. Shaw,* for appellee.

FRANCIS E. SWEENEY, SR., J. The court of appeals certified the following issue for our determination: "May a Workers' Compensation claimant use Civ.R. 41(A)(1)(a) to voluntarily dismiss an appeal to the court of common pleas brought by an employer appealing an adverse decision by the Industrial Commission pursuant to R.C. 4123.512?" For the following reasons, we answer the certified question in the affirmative. A workers' compensation claimant may employ Civ.R. 41(A)(1)(a) to voluntarily dismiss an appeal to the court of common pleas brought by an employer under R.C. 4123.512.

Initially, appellant argues that this case should be dismissed because Ameritemps did not file a proper notice of appeal under R.C. 4123.511(F). R.C.

4123.511(F) provides that "[e]very notice of an appeal from an order issued under divisions (B), (C), (D), and (E) of this section shall state the names of the claimant and the employer, the number of the claim, the date of the decision appealed from, and the fact that the appellant appeals therefrom."

In this case, Compliance Management Consultants ("CMC"), the legal representative of Ameritemps, was never notified of Kaiser's claim against Ameritemps. When it learned that benefits had been awarded, Ameritemps asked the bureau for leave to file an appeal under R.C. 4123.522. The Industrial Commission issued a compliance letter, granting Ameritemps the right to file an appeal within twenty-one days from receipt of the letter. However, rather than label the letter as a notice of appeal, Ameritemps stated that the letter "will serve as the employer's objection to a BWC Order dated 10/21/94 in this claim." The letter continued by stating, "We have enclosed for your review a copy of the Industrial Commission Order allowing said appeal in accordance with Section 4123.522 of the Ohio Revised Code. Please schedule this claim for DHO hearing as soon as possible."

In *Mullins v. Whiteway Mfg. Co.* (1984), 15 Ohio St.3d 18, 15 OBR 15, 471 N.E.2d 1383, we held that a notice of appeal under R.C. 4123.519 (now renumbered R.C. 4123.512) will be determined sufficient if it is found that appellant has substantially complied with the statutory appeal provisions. *Id.* at 21, 15 OBR at 17, 471 N.E.2d at 1386. See, also, *Wells v. Chrysler Corp.* (1984), 15 Ohio St.3d 21, 15 OBR 18, 472 N.E.2d 331. Although stated as an "objection" rather than a "notice of appeal," we find that CMC's letter substantially complied with all the requirements set forth in R.C. 4123.511(F). Not only did the letter name the claimant and employer, the number of the claim, and the date of the decision appealed from, but it also contained sufficient information conveying the fact that Ameritemps was appealing from the order dated October 21, 1994. Therefore, appellant's argument lacks merit.

Turning our attention to the certified issue, R.C. 4123.512 provides a unique process for an appeal to the court of common pleas regarding a claimant's right to participate in the State Insurance Fund. It gives the claimant or the employer the right to appeal a decision of the Industrial Commission to the court of common pleas. However, regardless of whether the claimant or the employer appeals the decision of the Industrial Commission, it is the claimant's responsibility to file a petition showing a cause of action to participate or continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. "Thus, where an employer appeals an unfavorable administrative decision to the court the claimant must, in effect, re-establish his workers' compensation claim to the satisfaction of the common pleas court even though the claimant has previously satisfied a similar burden at the administrative level."

*Zuljevic v. Midland–Ross Corp.* (1980), 62 Ohio St.2d 116, 118, 16 O.O.3d 140, 142, 403 N.E.2d 986, 988.

Civ.R. 41(A)(1)(a) provides that a plaintiff may dismiss an action without order of court "by filing a notice of dismissal at any time before the commencement of trial * * *." The court of appeals found that Civ.R. 41(A)(1)(a) did not apply to workers' compensation appeals under R.C. 4123.512. It reasoned that under Civ.R. 1(C), an appeal from the Industrial Commission under R.C. 4123.512 is a "special proceeding" where the Civil Rules are inapplicable. It also held that an employer's appeal under R.C. 4123.512 is analogous to a counterclaim, which precludes voluntary dismissal under Civ.R. 41(A)(1)(a) because the employer's appeal cannot be independently adjudicated apart from the claimant's complaint. Finally, it reasoned that where an employer files an appeal in the court of common pleas, the claimant is not a "plaintiff" for purposes of Civ.R. 41(A)(1)(a).

However, we recently held in *Robinson v. B.O.C. Group, Gen. Motors Corp.* (1998), 81 Ohio St.3d 361, 691 N.E.2d 667, in determining a similar issue, that "[w]hen an employer has appealed a decision of the Industrial Commission to a court of common pleas under R.C. 4123.512, the court of common pleas may subsequently grant a motion to voluntarily dismiss the employee's complaint without prejudice under Civ.R. 41(A)(2)." *Id.* at syllabus. Civ.R. 41(A)(2) provides that "[e]xcept as provided in subsection (1) an action shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper." In the course of determining that Civ.R. 41(A)(2) applied to R.C. 4123.512 appeals, we held that (1) an R.C. 4123.512 petition filed by a claimant is a "complaint," (2) the "action" is prosecuted by the claimant regardless of who brings the appeal, (3) the claimant is considered the plaintiff under an employer-initiated R.C. 4123.512 appeal, (4) an employer's appeal in a workers' compensation case is not analogous to a counterclaim in a civil action, and (5) the Civil Rules are applicable to an R.C. 4123.512 appeal, as such an appeal is not considered a special proceeding under Civ.R. 1(C)(7). *Id.* at 364–370, 691 N.E.2d at 670–674. We reasoned that a dismissal under Civ.R. 41(A)(2) was justified because a claimant could not arbitrarily delay the adjudication of the common pleas court proceeding, as the dismissal was conditioned upon court approval. Thus, we stated, "In considering whether to grant the dismissal under Civ.R. 41(A)(2), the trial court is able to assess the claimant's reasons for dismissal and to gauge whether, and to what extent, the claimant stands to receive more compensation or benefits at the time the dismissal is sought. Thus, the employer's right to an expeditious appeal would not be altered by the claimant's use of Civ.R. 41(A)(2)." *Id.* at 371, 691 N.E.2d at 674.

Appellee argues that pursuant to *Robinson*, a claimant can only dismiss an action pursuant to Civ.R. 41(A)(2) and may not voluntarily dismiss it under Civ.R. 41(A)(1)(a). *Robinson* did not address whether Civ.R. 41(A)(1)(a) applied, because the case was limited to Civ.R. 41(A)(2) and "[w]hatever reasoning may be advanced as justification for denying a claimant the unilateral ability to dismiss his or her action loses its potency with respect to dismissals under Civ.R. 41(A)(2)," as such dismissals require court approval. *Id.* at 370, 691 N.E.2d at 674. Appellee now advances that unlike a dismissal under Civ.R. 41(A)(2), the denial of a voluntary dismissal under Civ.R. 41(A)(1)(a) is justified because it unfairly burdens an employer, as a claimant can dismiss his or her claim while continuing to receive benefits until the claimant refiles another petition.

However, appellee overlooks R.C. 4123.512(H), which guarantees that if, in a final judicial action, it is determined that the payments of compensation or benefits or both paid to a claimant should not have been made, then the amounts paid are to be charged to the state's Surplus Fund. Likewise, if the employer is a state risk, the amounts will not be charged to the employer's experience, or in the event of a self-insured employer, the self-insured employer may deduct the amounts of compensation paid on its statutory reporting forms. Thus, the employer ultimately suffers no prejudice, as any illegitimate benefits paid during the interim between the original filing and the refiling of a voluntarily dismissed action are repaid if the employee's claim does not prevail.

Furthermore, an employee cannot perpetually delay refiling after a voluntary dismissal because the saving statute, R.C. 2305.19, precludes claims refiled beyond a year from the time of the dismissal of the original complaint. *Lewis v. Connor* (1985), 21 Ohio St.3d 1, 21 OBR 266, 487 N.E.2d 285; *Ross v. Wolf Envelope Co.* (Aug. 2, 1990), Cuyahoga App. No. 57015, unreported, 1990 WL 109082. If an employee does not refile his complaint within a year's time, he can no longer prove his entitlement to participate in the workers' compensation system. *Rice v. Stouffer Foods Corp.* (Nov. 6, 1997), Cuyahoga App. No. 72515, unreported, 1997 WL 691156. The voluntary dismissal of the claimant's complaint does not affect the employer's notice of appeal, which remains pending until the refiling of claimant's complaint.

Pursuant to *Robinson*, a claimant is considered the plaintiff regardless of who brings the appeal under R.C. 4123.512 and can dismiss the complaint pursuant to Civ.R. 41(A)(2). Likewise, we believe in this case that a claimant, as the plaintiff, may also voluntarily dismiss his complaint under Civ.R. 41(A)(1)(a). It would be inconsistent to imply that a workers' compensation claimant is a plaintiff for purposes of Civ.R. 41(A)(2) but not a plaintiff under Civ.R. 41(A)(1)(a). See, *e.g.*, *Robinson*, 81 Ohio St.3d at 367, 691 N.E.2d at 671–672. As plaintiff, a claimant

under R.C. 4123.512 should be afforded all of the rights provided to him or her by the Rules of Civil Procedure.

Because Kaiser could properly dismiss his complaint pursuant to Civ.R. 41(A)(1)(a), the trial court was without jurisdiction to enter judgment in favor of Ameritemps as a sanction for Kaiser's failure to prosecute. Therefore, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DOUGLAS, RESNICK and PFEIFER, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

LUNDBERG STRATTON, J., dissents.

---

COOK, J., dissenting. I dissent for the reasons stated in my dissenting opinion in *Robinson v. B.O.C. Group, Gen. Motors Corp.* (1998), 81 Ohio St.3d 361, 373, 691 N.E.2d 667, 675.

MOYER, C.J., concurs in the foregoing dissenting opinion.

---

LUNDBERG STRATTON, J., dissenting. For the reasons more fully set forth in my dissenting opinions in *Robinson v. B.O.C. Group, Gen. Motors Corp.* (1998), 81 Ohio St.3d 361, 371, 691 N.E.2d 667, 674, and *Keller v. LTV Steel Co.* (1996), 76 Ohio St.3d 55, 666 N.E.2d 225, I respectfully dissent.

Despite the majority's reassurances, an employer *is* prejudiced by a claimant's dismissal of the employer's appeal. For an indeterminate period of time, the employee continues to receive what may prove to be unmerited payments of compensation or benefits. Although R.C. 4123.512(H) provides that adjustments may be made when final adjudication proves that the claimant should not have received the payments, the employer nevertheless has been held legally responsible for compensation or benefits to which the claimant is not entitled. During that period of time, the claimant continues receiving compensation or benefits without being required to prove his or her entitlement. If the claimant fails to prove entitlement, he or she is not required to return what was wrongly paid.

The majority reasons that a "voluntary dismissal of the claimant's complaint does not affect the employer's notice of appeal." Yet the employer's right of appeal is being controlled by the claimant. The employer is prevented from

proceeding with the exercise of its statutory right by the claimant's inability to proceed. Should a claimant neglect to refile within one year, how does the employer proceed with the appeal?

The majority's approach is shortsighted. A claimant should not be permitted to voluntarily dismiss a petition filed in an appeal perfected by an employer pursuant to R.C. 4123.512. Therefore, I would affirm the decision of the court of appeals.