OPINION
On June 22, 1998, Barbara K. Cassidy filed a complaint with James Conrad, Administrator of the Bureau of Workers' Compensation, the Industrial Commission of Ohio ("commission") and Guardian Photo Finish as the named defendants. The complaint was intended to appeal determinations made in regard to Ms. Cassidy's right to participate in the workers' compensation system in Ohio. The complaint was a refiling of a 1996 complaint in regard to her right to participate in the workers' compensation system with respect to a condition described as "severe depressive disorder."
Service of process on the 1998 complaint was obtained upon the Ohio Bureau of Workers' Compensation ("BWC") and upon the commission. An answer was filed on behalf of Guardian Photo Finish without formal service of process having been obtained.
On August 3, 1998, a motion for summary judgment was filed on behalf of Guardian Photo Finish. Guardian Photo Finish alleged that service of process had never been obtained upon Guardian Photo Finish when the original complaint had been filed in 1996. The motion further alleged that the previous complaint had been voluntarily dismissed prior to commencement of the action with respect to Guardian Photo Finish and that therefore the 1998 complaint was barred.
On August 4, 1998, Guardian Photo Finish filed a motion asking that the 1996 complaint be stricken and that the previous dismissal be stricken.
In response, counsel for Ms. Cassidy filed a series of documents outlining a long history of litigation involving the parties and demonstrating that Guardian Photo Finish had been aware of the filing of the 1996 complaint. Service on the 1996 complaint had been attempted by certified mail, but had been returned "moved, left no address." Service apparently had been obtained on the BWC and the commission.
The trial court ultimately granted both the motion to strike and the motion for summary judgment by means of a decision filed March 29, 1999. The trial court then journalized a judgment entry finding that Barbara Cassidy was not entitled to participate in the workers' compensation system for the condition of severe depressive disorder.
Ms. Cassidy has now pursued a direct appeal, assigning a single error for our consideration:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT GUARDIAN PHOTO FINISH'S MOTION TO STRIKE PLAINTIFF'S COMPLAINT FILED JUNE 5, 1996, HER 41 (A)(1) DISMISSAL FILED JUNE 23, 1997 AND IN GRANTING SUMMARY JUDGMENT WHEREIN PLAINTIFF BARBARA K. CASSIDY'S ACTION HAD BEEN COMMENCED OR ATTMEPTED TO BE COMMENCED WITHIN ONE YEAR AFTER IT WAS FILED.
Counsel for Barbara K. Cassidy was pursuing an appeal to the common pleas court of an adverse decision in regard to her right to participate in the workers' compensation system. Such appeals are governed by R.C. 4123.512. R.C. 4123.512(A) includes the following provision:
 The filing of the notice of appeal with the court is the only act required to perfect the appeal.
R.C. 4123.512(D) includes the following provision:
 The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. Further pleadings shall be had in accordance with the Rules of Civil Procedure, provided that service of summons on such petition shall not be required. ***
R.C. 4123.512(B) places a duty upon the administrator of the Ohio Bureau of Workers' Compensation to "notify the employer that if the employer fails to become an active party to the appeal, then the administrator may act on behalf of the employer and the results of the appeal could have an adverse effect upon the employer's premium rates." Thus, the BWC was under an independent statutory duty to notify Guardian Photo Finish of the original complaint and was empowered to act on behalf of the employer when it did not become involved.
Appeals under R.C. 4123.512 are a mixture of administrative appeals and lawsuits under the Ohio Rules of Civil Procedure. The ultimate trier of fact is expected to be a jury in the county where the employee worked. However, summary judgment can be granted under the Ohio Rules of Civil Procedure. In February of 1999, the Supreme Court of Ohio ruled that a claimant could dismiss an appeal under Civ.R. 41(A)(1)(a) even if the employer had initiated the appeal. See Kaiser v. Ameritemps, Inc.
(1999), 84 Ohio St.3d 411. Thus, Ohio's courts apparently are still sorting out how much an appeal under R.C. 4123.512 is bound by the rules and procedures which govern other lawsuits and how much such appeals are creatures of statute.
For reasons which are not apparent from the record, no one in the trial court addressed the impact of R.C 4123.512 on the present action. Presumably, the parties and the trial judge were all aware of the fact that this lawsuit was initiated under R.C4123.512 and the parties were bound by the terms of R.C. 4123.512. The complaint filed in 1998 includes an allegation:
 9. Plaintiff further states that within the time and in the manner prescribed by law, she has filed her Notice of Appeal from said Order.
The "said Order" is the last order denying Ms. Cassidy's right to participate for severe depressive disorder. Since R.C. 4123.512
states that the filing of the notice of appeal is the only act required to perfect the appeal and since the Supreme Court of Ohio has ruled that a claimant can dismiss an appeal through the filing of a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1)(a), the service of the complaint and notice of appeal are irrelevant to the right to voluntarily dismiss. Apparently, the legislature has defined "commencement" of the appeal/lawsuit as the filing of a notice of appeal which complies with the statutory requirements, regardless of service of process following the filing of the notice of appeal. The rules of civil procedure do not become applicable until after the filing of the "petition" and as noted above "service of summons on such petition shall not be required." See R.C. 4123.512(D).
Given the unique set of rules which govern appeals under R.C. 4123.512, a claimant can reinstate an appeal within one year of the voluntary dismissal through use of the "Savings Statute," R.C. 2305.19. The pertinent portion of R.C. 2305.19 reads:
 In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff *** may commence a new action within one year after such date.
Ms. Cassidy therefore had the right to reinitiate her R.C. 4123.512 appeal through the filing of a complaint which included all the information required by R.C. 4123.512 for a notice of appeal and petition. Since counsel included all such information in the action filed in 1998, the appeal was properly before the trial court.
Based upon our analysis of the law set forth above, the sole assignment of error is sustained. The judgment of the trial court is reversed, and the case is remanded for further appropriate proceedings.
Judgment reversed and cause remanded.
DESHLER, J., and BOWMAN, P.J, concur.