[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND ENTRY
Defendant, Wenco, Inc. ("Wenco"), has appealed from an order of the court of common pleas denying Wenco's motion to set aside a Civ.R. 41(A)(1(a) notice of voluntary dismissal filed by Plaintiff, John D. Barnett.
Barnett, an employee of Wenco, was found by the Industrial Commission to have suffered injuries arising out of his employment and was allowed payment of benefits from the Workers' Compensation Fund to compensate him for his losses. Wenco filed timely notice of appeal from the decision of the Industrial Commission to the court of common pleas, per R.C. 4123.52.
Barnett filed a petition and complaint with the court of common pleas on October 8, 1998. Wenco filed an answer. On July 6, 1999, Barnett filed a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1)(a). Wenco moved to set the voluntary dismissal aside. The trial court denied Wenco's motion on the authority ofKaiser v. Ameritemps, Inc. (1999), 84 Ohio St.3d 411, rehearing den. 85 Ohio St.3d 1428. Wenco filed a timely notice of appeal from the trial court's order.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN REFUSING TO SET ASIDE THE PLAINTIFF-APPELLEE'S RULE 41(A)(1)(a) NOTICE OF DISMISSAL BECAUSE THE FILING OF A RULE 41(A)(1)(a) NOTICE OF DISMISSAL BY A CLAIMANT IN A WORKERS' COMPENSATION EMPLOYER'S APPEAL GIVES A CLAIMANT THE POWER TO ARBITRARILY DELAY THE ADJUDICATION OF THE COMMON PLEAS PROCEEDING TO THE IRREPARABLE HARM OF THE EMPLOYER AND THE BUREAU OF WORKERS' COMPENSATION.
 First Issue Presented The filing of the Rule 41(A)(1)(a) Notice of Voluntary Dismissal by the Plaintiff-Appellee is highly prejudicial to the Appellant because the continuing payment of temporary total disability compensation benefits, which the Plaintiff-Appellee may not be entitled to after the trial in this case, is causing the Appellant to lose out on potential premium savings for its workers' compensation coverage.
The Syllabus by the Court in Kaiser v. Ameritemps, Inc.,
states:
 A workers' compensation claimant may employ Civ.R. 41(A)(1)(a) to voluntarily dismiss an appeal to the court of common pleas brought by an employer under R.C. 4123.512.
Id. "The syllabus of a Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the court for adjudication." S.Ct.R.Rep.Op. 1(B). "Supreme Court decisions are binding on all Ohio courts." Whiteside, Ohio Appellate Practice, Sec. 1.48.
Our review of the facts that were before the Supreme Court inKaiser v. Ameritemps, Inc., supra, reveals that, for purposes of the error that Wenco assigns, the facts of that case are identical to the facts before us here. Therefore, we are bound to follow the decisional rule that the Supreme Court laid out.
Wenco argues that the Supreme Court misapprehended the workings of the Ohio Workers' Compensation system with respect to the additional costs that a claimant's voluntary dismissal imposes on an employer. That may be, but it does not permit us to vary from the path that the Supreme Court's decision in Kaiser v.Ameritemps, Inc. requires us to follow. On this record, that is to affirm the order of the trial court, which likewise followed the law the Supreme Court set down to guide the decisions of the courts inferior to it.
 Second Issue Presented The Bureau of Workers' Compensation is also prejudiced by the ability of the Plaintiff-Appellee to file a Rule 41(A)(1(a) Notice of Voluntary Dismissal in this employer appeal.
The Bureau of Workers' Compensation did not file a notice of appeal from the trial court's order. Wenco lacks standing to prosecute error predicated on any prejudice that the order imposed on the Bureau.
The assignment of error is overruled. The order of the trial court will be affirmed.
SO ORDERED.
 ___________________________________ THOMAS J. GRADY, PRESIDING JUDGE
FREDERICK N. YOUNG, JUDGE, GEORGE M. GLASSER, JUDGE
Hon. George M. Glasser, Retired from the Court of Appeals, Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.