While I agree with the conclusion reached in the majority opinion, I write separately to articulate my view of the unique facts and disposition of this case.
Here, Ford had filed a notice of appeal in the Court of Common Pleas from the Industrial Commission seeking to challenge Dorsey's allowance of his occupational disease claim. By statute, it became Dorsey's obligation to file a complaint in the common pleas court and he did so in timely fashion. However, when Dorsey failed to attend scheduled court appearances, the court notified all parties of its intention to grant judgment to Ford on January 27, 1997. However, before the court journalized that entry, Dorsey filed a Civ.R. 41(A)(1)(a) notice of dismissal of its complaint on January 27, 1997, and on the next day, January 28, 1997, the court journalized judgment for Ford. In May, Dorsey filed a motion for relief from that judgment and now appeals from the trial court's denial of that relief.
In my view, the dispositive authority before us is found inKaiser v. Ameritemps, Inc. (1999), 84 Ohio St.3d 411, which authorizes an employee to voluntarily dismiss an employer's appeal to common pleas court.
Therefore, when Dorsey filed his Civ.R. 41(A)(1)(a) dismissal on January 27, 1997, the case terminated, and the court had no jurisdiction to take any subsequent action. The May 7, 1997 journal entry of the court correcting the January 28 journal entry to change the date and time it was journalized is contradicted by the actual entry itself. A court speaks through its journal. Accordingly, the May 7, 1997 judgment from which Dorsey appeals is void as the court had no authority to enter it. Hence, in my view, this appeal should be dismissed.