OPINION
{¶ 1} Although this appeal was originally assigned to our accelerated calendar, we have elected to issue a full written opinion in accordance with Loc.R. 12 (5).
 {¶ 2} Defendant-appellant, Better Brake Parts, Inc., (hereinafter, "appellant"), appeals from an order of the Common Pleas Court of Allen County denying appellant's motion for judgment as a matter of law for failure of plaintiff-appellee, David Goodwin ("Goodwin"), to prosecute his workers' compensation claim in a timely fashion. The trial court, however, determined that it lacked jurisdiction to decide the matter and denied appellant's motion.
 {¶ 3} This case arises from an alleged back injury sustained by Goodwin on April 3, 2001, while working for appellant. Goodwin, thereafter, filed an application to participate in Ohio's Workers' Compensation Fund ("Fund"). In November 2001, the Industrial Commission of Ohio ("Commission") granted Goodwin participation in the Fund. Appellant, pursuant to R.C. 4123.512, filed a notice of appeal of the Commission's order to the Court of Common Pleas of Allen County. In response, Goodwin then filed a complaint to the trial court setting forth his cause of action to participate in the Fund. See R.C. 4123.519. Appellant filed an answer to Goodwin's complaint and discovery commenced on the matter.
 {¶ 4} Before the matter proceeded to trial, however, Goodwin, on October 18, 2002, filed a notice of voluntary dismissal of his complaint. See Civ.R. 41(A)(1)(a).[1] Goodwin's complaint was, therefore, dismissed without prejudice. Pursuant to Ohio's Savings Statute, R.C. 2305.19, Goodwin maintained the right to refile his complaint within one year of the date on which he dismissed his original complaint. Goodwin, however, never refiled a complaint within the one-year period of the savings statute. Based upon Goodwin's failure to prosecute his complaint in a timely fashion, appellant filed a motion with the trial court on March 31, 2004, seeking judgment as a matter of law. On April 2, 2004, the trial court determined that it lacked jurisdiction to decide the matter and denied appellant's motion.
 {¶ 5} It is from this judgment which appellant now appeals and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred as a matter of law in concluding that itdid not have jurisdiction to grant appellant Better Brake Partsjudgment as a matter of law when appellee failed to refile hisaction within one year in accordance with the governing savingsstatute following a voluntary dismissal without prejudicepursuant to Rule 41(A) of the Ohio Rules of Civil Procedure.
 {¶ 6} In its assignment of error, appellant maintains that the trial court erred in concluding that it did not have jurisdiction to decide appellant's motion for judgment as a matter of law. Appellant specifically maintains that because Goodwin failed to refile his complaint within the one year time period provided by Ohio's savings statute, R.C. 2305.19, the trial court erred by failing to grant its motion for judgment as a matter of law. For the following reasons, we find appellant's appeal well taken and reverse the judgment of the trial court.
 {¶ 7} At the outset, we note that in reaching our decision, we have taken into account the Ohio Supreme Court's decision inKaiser v. Ameritemps, Inc. (1999), 84 Ohio St.3d 411, and our decision in Young v. Bridgestone APM Co., 3d Dist. No. 5-99-12, 1999-Ohio-946. Both Kaiser and Young, supra, however, are distinguishable from the case sub judice. In both Kaiser andYoung, the employers therein asked the court to vacate the claimant's Civ. R. 41(A)(1)(a) notice of dismissal and to grant default judgment against the claimant prior to expiration of the one year refiling period provided by R.C. 2305.19.[2]
In the case sub judice, the motion of Better Brake Parts asking for judgment in its favor was not made to the trial court untilafter the expiration of the one year period within which Goodwin could refile his complaint.
 {¶ 8} Neither Kaiser nor Young resolve the issue pertinent to this appeal, i.e., "[s]hould a claimant neglect to refile within one year, how does the employer proceed with the appeal?"[3] See Kaiser, supra at 416-17, (Lundberg-Stratton, J., dissenting). In order to resolve this issue, we must determine whether the trial court retains jurisdiction over the employer's appeal so that it may enter judgment in favor of an employer after a claimant fails to refile his complaint within the one year period provided by R.C.2305.19.
 {¶ 9} This issue has been addressed by the Eighth District Court of Appeals in Rice v. Stouffer Foods Corp. (November 6, 1997), 8th Dist. No. 72515. The facts and issues pertaining to the instant appeal are nearly identical to those in Rice. We, therefore, find Rice to be applicable and persuasive to the case sub judice.
 {¶ 10} In Rice, the Eighth District Court of Appeals held that:
Unlike a typical civil action, the filing of a complaint in aworkers' compensation matter does not "commence" the action andconfer jurisdiction. * * * In a workers' compensation appeal:
 Under Section 4123.519, Revised Code, the filing of a petitionis not jurisdictional. The filing of a notice of appeal with theIndustrial Commission of Ohio and the Court of Common Pleas isthe only act required to perfect the appeal and vest jurisdictionin the court. [Citations omitted].[4]
 * * * [a] voluntary dismissal of [a] complaint does not oustthe common pleas court of jurisdiction. `The claimant's dismissalof her complaint does just that and nothing more. The complaintis dismissed, but it does not dismiss the employer's appeal ordivest the common pleas court of jurisdiction.' [Citationsomitted]. * * *
 If an employee does not refile his complaint within the year'stime, he can no longer prove his entitlement to participate inthe workers' compensation system, as is his burden on appeal.[Citation omitted]. In that instance, the employee's failure torefile his complaint warrants judgment for the employer in thesame fashion that a defendant's failure to answer a complaintwarrants default judgment for the plaintiff. [Citation omitted].* * *
 Consequently, we hold that an employee's failure to refile hiscomplaint within the savings statute operates as a forfeiture ofhis right to participate in the workers' compensation system.
Having determined that the trial court retains jurisdiction over an employer's appeal, the court in Rice then went on to enter judgment in favor of the employer therein. We find the persuasive rationale of Rice to be the correct statement of the law and dispositive to the case now before us.
 {¶ 11} Accordingly, Goodwin's failure to refile his complaint within the one year time period provided by R.C. 2305.19 operates as a forfeiture of his right to participate in the Fund and warrants judgment as a matter of law for appellant. Id; see alsoSpencer v. Powertrain Div. (October 9, 1998), 6th Dist. No. L-98-1164; Smith v. Continental Airlines, Inc., 8th Dist. No. 81010, 2002-Ohio-4181, at ¶ 21. We, therefore, sustain appellant's assignment of error.
 {¶ 12} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded.
 Shaw, P.J. and Bryant, J., concur.
[1] Civ.R. 41(A)(1)(a) provides that a plaintiff may dismiss a claim without order of court "by filing a notice of dismissal at any time before the commencement of trial * * *."
[2] In Young v. Bridgestone APM Co., 3d Dist. No. 5-99-12, 1999-Ohio-946, while the adjudication of the parties' action extended beyond the one year period provided by R.C. 2305.19, we note that the employer therein, in response to the claimant's Civ. R. 41(A)(1)(a) notice of dismissal, prior to the running of the one-year savings statute, asked the trial court to strike and vacate the claimant's notice of dismissal, to dismiss the claimant's complaint with prejudice, and for default judgment against the claimant.
[3] While our decision in Young contains an analysis of this issue, the holding in Young should not be extended to the case sub judice. To the extent that the holding herein differs from our decision in Young, we note that our holding in Young does not definitively answer the issue pertinent to this appeal. The facts and procedural history of Young are such that our holding therein should be limited to indicate only that after a workers' compensation claimant voluntarily dismisses his or her complaint, the trial court, in accordance with the savings statute, R.C.2305.19, does not have the jurisdiction to enter a final judgment in favor of the employer against the claimant prior to the expiration of the savings statute. That is not the situation in the case now before us. Here, the appellant did not move the trial court for judgment until approximately six months after expiration of the time in which Goodwin had to refile his complaint.
[4] Within this excerpt from Rice, the court also citesThompson v. Reibel (1964), 176 Ohio St. 258, 260 for the proposition that "[i]t is the filing of the notice of appeal which vests jurisdiction in the court and not the filing of the [complaint] by the claimant."