OPINION.
{¶ 1} Plaintiff-appellant, Bonnie R. Fowee, appeals from the order of the common pleas court granting judgment on the pleadings in favor of her employer, Wesley Hall, Inc., and denying her amended workers' compensation claim for additional conditions. The resolution of her appeal turns on a single issue: In an employer-initiated appeal from a decision of the Industrial Commission under R.C. 4123.512, if a claimant voluntarily dismisses her petition or complaint under Civ.R. 41(A)(1)(a), does the savings statute in R.C. 2305.19 apply? Because R.C.2305.19 relates only to a plaintiff who commences a new action within one year of filing a voluntary dismissal of a complaint under Civ.R. 41(A)(1)(a), the savings statute does not apply to the claimant in employerinitiated appeals under R.C. 4123.512, as the employer, not the claimant, is the party who commences the action. Furthermore, under R.C. 4123.512(H), a state-risk employer, as here, is held to suffer no prejudice if the claimant continues to receive workers' compensation benefits for the period between a voluntary dismissal of the complaint and the disallowance of the claim. See Kaiser v. Ameritemps, Inc.,84 Ohio St.3d 411, 415, 1999-Ohio-360, 704 N.E.2d 1212.
 {¶ 2} On December 4, 2000, Fowee was injured in the course and scope of her employment with Wesley Hall. She filed a workers' compensation claim numbered 00-819520, which the Industrial Commission allowed for the condition of "lumbar sprain." The allowance of her initial claim is not at issue in this appeal.
 {¶ 3} On March 5, 2002, Fowee filed an application with the Industrial Commission to amend her claim to include various low-back conditions, including herniated and protruding discs. The allowance of her request to amend her claim was affirmed by a district hearing officer and by a staff hearing officer. Wesley Hall appealed the order allowing the amended claim to the Industrial Commission, which by an order dated June 24, 2002, refused to hear the appeal.
 {¶ 4} On August 23, 2002, Wesley Hall appealed the order allowing the amendment of Fowee's claims to the common pleas court pursuant to R.C. 4123.512(A). Fowee then timely filed the complaint required by R.C. 4123.512(D), but on December 5, 2002, she filed a voluntary dismissal of the complaint under Civ.R. 41(A)(1)(a). On December 19, 2003, because she had not refiled her complaint within the one-year period of the savings statute, R.C. 2305.19, Wesley Hall moved for judgment on the pleadings. Fowee refiled her complaint three days later, or one year and nineteen days after she had voluntarily dismissed her original complaint under Civ.R. 41(A)(1)(a).[1] On March 15, 2004, the common pleas court, on the authority of Kaiser, granted Wesley Hall's motion for judgment on the pleadings, thereby reversing the decision of the Industrial Commission and denying Fowee's amended claim for additional conditions.
 APPLICATION OF THE SAVINGS STATUTE TO R.C. 4123.512 APPEALS {¶ 5} A motion for judgment on the pleadings under Civ.R.12(C) is subject to de novo review because it involves a question of law. See Whaley v. Franklin Cty. Bd. of Commrs.,92 Ohio St.3d 574, 581, 2001-Ohio-1287, 752 N.E.2d 267. R.C.2305.19(A) states, "In any action that is commenced or attemptedto be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon themerits, the plaintiff * * * may commence a new action withinone year after the date of the reversal of the judgment or theplaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant. (Emphasis added.)
 {¶ 6} In Kaiser v. Ameritemps, Inc., the Ohio Supreme Court held that, in employer-initiated appeals under R.C. 4123.512, the claimant can voluntarily dismiss his or her complaint without an order of the common pleas court under Civ.R. 41(A)(1)(a) by filing a notice of dismissal before the commencement of the trial. See 84 Ohio St.3d at 415, 1999-Ohio-360, 704 N.E.2d 1212. The issue certified to the supreme court in Kaiser did not call for the court to decide whether the savings statute in R.C.2305.19 applied to voluntary dismissals of a claimant's complaint under Civ.R. 41(A)(1)(a). But in rejecting the argument that the employer would be unfairly burdened by the claimant's continued receipt of benefits during the period of the voluntary dismissal of the complaint, the supreme court, in obiter dicta, tangentially observed the following:
 {¶ 7} "[A]n employee cannot perpetually delay refiling after a voluntary dismissal because the saving statute, R.C. 2305.19, precludes claims refiled beyond a year from the time of the dismissal of the original complaint. Lewis v. Conner (1985),21 Ohio St.3d 266, 21 OBR 266, 487 N.E.2d 285; Ross v. WolfEnvelope Co. (Aug. 2, 1990), Cuyahoga App. No. 57015, unreported, 1990 WL 109082. If an employee does not refile his complaint within a year's time, he can no longer prove his entitlement to participate in the workers' compensation system.Rice v. Stouffer Foods Corp. (Nov. 6, 1997), Cuyahoga App. No. 72515, unreported, 1997 WL 691156. The voluntary dismissal of the claimant's complaint does not affect the employer's notice of appeal, which remains pending until the refiling of claimant's complaint." Id. at 415-416, 1999-Ohio-360, 704 N.E.2d 1212.
 Court of Appeals Decisions {¶ 8} In reliance on this dicta, some appellate districts have held that, in employer-initiated appeals, the claimant's failure to refile his or her complaint within the one-year period of R.C. 2305.19, following a Civ.R. 41(A)(1)(a) voluntary dismissal, operates as a forfeiture of the right to participate in the workers' compensation fund. See, e.g., Smith v.Continental Airlines, Inc., 8th Dist. No. 81010, 2002-Ohio-4181;Goodwin v. Better Brake Parts, Inc., 3rd Dist. No. 1-04-37,2004-Ohio-5095; Harsco Corp. v. Bishop, 12th Dist. No. CA2000-12-052, 2001-Ohio-8714. We reach a different conclusion. The supreme court's citation to Lewis and Rice in support of its dicta in Kaiser is distinguishable, when read in the context of the language in R.C. 2305.19, in cases such as this where an employer commences the action by an appeal from a decision of the Industrial Commission under R.C. 4123.512.
 {¶ 9} Holding that the savings statute applies to an employer-initiated appeal if the claimant's complaint is dismissed and not refiled within one year, the appellate courts have relied solely upon the bald conclusion in the obiter inKaiser. But the statement in Kaiser cites to Lewis — a claimant-initiated appeal. In Lewis v. Conner,21 Ohio St.3d at 8, 487 N.E.2d 285, the supreme court held that an appeal commenced by the employeeclaimant is subject to the one-year limitation of R.C. 2305.19 for refiling a complaint previously dismissed without prejudice. As R.C. 4123.512 is a remedial statute, the court endorsed the application of the savings statute because the claimant, as the plaintiff, had dismissed the complaint without prejudice "after the applicable sixty-day limitation for commencement of an appeal * * * [in R.C.4123.512(A)] * * * had expired."
 {¶ 10} In an employer-initiated appeal, a Civ.R. 41(A)(1)(a) voluntary dismissal does not require the claimant to commence a new action to obtain workers' compensation benefits that have already been administratively allowed. The obiter in Kaiser
also cites to Rice v. Stouffer Foods Corp., for the proposition that a claimant must refile the complaint within one year. InRice, the Eighth Appellate District applied the savings statute to the claimant's Civ.R. 41(A)(1)(a) dismissal principally because of the unfairness caused when the employer remains accountable for medical expenses and disability benefits until the common pleas court disallows the claim. But that very argument was rejected in Kaiser. See 84 Ohio St.3d at 415,1999-Ohio-360, 704 N.E.2d 1212.
 Employer-Initiated Appeals {¶ 11} In light of customary rules of statutory construction, the language of R.C. 2305.19 suggests a different result where the employer files a workers' compensation appeal under R.C.4123.512. As the exclusive procedure for appealing a decision regarding a claimant's right to participate in the workers' compensation fund, an appeal under R.C. 4123.512 is held to be a special statutory proceeding that creates "a unique situation" in which "the party commencing the action" does not present the claim for relief. Robinson v. B.O.C. Group, General MotorsCorp., 81 Ohio St.3d 361, 366, 1998-Ohio-432, 691 N.E.2d 667; see Section 35, Article II, Ohio Constitution (authorizing enactment of workers' compensation legislation by the General Assembly). The notice of appeal must be filed by either the claimant or the employer within sixty days after receipt of the Industrial Commission's decision, and that filing is the only act necessary to vest jurisdiction in the common pleas court under R.C. 4123.512(A). See Lewis v. Connor, 21 Ohio St.3d at 3,487 N.E.2d 285. "It seems reasonably clear that the General Assembly contemplated that the filing of the notice of appeal, not the complaint, commences the action" in R.C. 4123.512 appeals.Robinson v. B.O.C. Group, 81 Ohio St.3d at 365, 1998-Ohio-432,691 N.E.2d 667; see, also, Young's Workmen's Compensation Law of Ohio (2 Ed. 1971) 214, Section 11.20.
 {¶ 12} In an employer-initiated appeal, the claimant's responsibility under R.C. 4123.512(D) is to file a complaint that sets forth a cause of action to participate in the fund and the basis for the court's jurisdiction. See Kaiser v. Ameritemps,Inc., 84 Ohio St.3d at 413, 1999-Ohio-360, 704 N.E.2d 1212;Robinson, 81 Ohio St.3d at 364-365, 1998-Ohio-432,691 N.E.2d 667. Whether it is the employer or the claimant who appeals to the common pleas court, the claimant retains the burden of going forward with the evidence and the burden of proof to reestablish the claim even if he or she has previously prevailed at the administrative level. See Robinson, 81 Ohio St.3d at 366,1998-Ohio-432, 691 N.E.2d 667. It is well established, however, that the filing of a complaint under R.C. 4123.512(A), former R.C. 4123.519, is not a jurisdictional requirement, and an untimely complaint filed by the claimant does not deprive the common pleas court of jurisdiction. See Singer Sewing MachineCo. v. Puckett (1964), 176 Ohio St. 32, 197 N.E.2d 353, paragraph two of the syllabus.
 Savings-Statute Language {¶ 13} Whether the savings statute should also apply to employer-initiated appeals depends on the following critical words in R.C. 2305.19: "In any action that is commenced * * * if the plaintiff fails otherwise than upon the merits, * * * the plaintiff * * * may commence a new action within one year." (Emphasis added.)
 {¶ 14} The supreme court summarized the rules of statutory construction for workers' compensation cases in Bailey v.Republic Engineered Steels, Inc., 91 Ohio St.3d 38, 39-40,2001-Ohio-236, 741 N.E.2d 121, as follows: "The primary goal in statutory interpretation is to give effect to the intent of the legislature. * * * In determining legislative intent, the court first looks to the language of the statute. * * * In considering the statutory language, it is the duty of the court to giveeffect to the words used in a statute, not to delete words used
or to insert words not used. * * * If the meaning of the statute is unambiguous and definite, it must be applied as written." (Emphasis added and citations omitted.)
 {¶ 15} Whether the savings statute applies to the claimant in employer-initiated appeals under R.C. 4123.512 is not contingent, as a matter of statutory construction, on whether the claimant is the plaintiff, but rather on which party commences the action. In an employer-initiated appeal under R.C. 4123.512, the employer, not the claimant, commences the action. See Robinson,81 Ohio St.3d at 466, 1998-Ohio-432, 691 N.E.2d 667. Although the claim belongs to the claimant, he or she cannot dismiss the employer's appeal by filing a Civ.R. 41(A)(1)(a) voluntary dismissal. See id. at 369, 1998-Ohio-432, 691 N.E.2d 667; see, also, Zuljevicv. Midland-Ross Corp., Unicast Div. (1980), 62 Ohio St.2d 116,119-220, 403 N.E.2d 986. Therefore, a claimant's refiled complaint does not "commence a new action," as "[t]he voluntary dismissal of the claimant's complaint does not affect the employer's notice of appeal which remains pending until the refiling of claimant's complaint." Kaiser,84 Ohio St.3d at 415, 1999-Ohio-360, 704 N.E.2d 1212.
 {¶ 16} Unlike the typical application of R.C. 2305.19, in which a plaintiff has yet to obtain the relief requested, in an employer-initiated appeal under R.C. 4123.512, the claimant has actually prevailed at the administrative level. When considering the application of the savings statute to a claimant-initiated appeal, the supreme court said, "[I]t is clear that R.C. 2305.19
has no application unless an action is timely commenced and is then dismissed without prejudice after the applicable statute oflimitations has run." Lewis, 21 Ohio St.3d at 7,487 N.E.2d 285. If an action is timely commenced within sixty days by an employer's notice of appeal under R.C. 4123.512(A), and the claimant cannot divest the common pleas court of jurisdiction by a voluntary dismissal of her complaint pursuant to Civ.R. 41(A), then the expiration of the sixty-day limitations period is immaterial because the action remains pending. Therefore, R.C.2305.19, which allows commencement of a new action after dismissal of a complaint, has no application to a claimant in an employer-initiated appeal, even though it does apply in an appeal by the claimant of an adverse decision by the Industrial Commission.
 IS THE EMPLOYER PREJUDICED? {¶ 17} An overriding consideration in workers' compensation appeals is the issue of prejudice. See Kaiser,84 Ohio St.3d at 415,1999-Ohio-360,704 N.E.2d 1212; see, also, Rice v. StoufferFoods Corp.; Smith v. Continental Airlines, Inc.; and Goodwinv. Better Brake Parts, Inc. In R.C. 4123.95, the General Assembly has provided that appeals under R.C. 4123.512 are to be liberally construed in favor of claimants. It is also noteworthy that, in Zuljevic, Lewis, Robinson, and Kaiser, the supreme court used the savings statute to protect the claimant's right to participate in the workers' compensation fund against time limits that it viewed as too harsh for remedial legislation.
 {¶ 18} What was the prejudice to Wesley Hall when Fowee's complaint was refiled nineteen days beyond the savings statute? In Kaiser, the supreme court rejected the assertion by the employer that it was prejudiced by the claimant's voluntary dismissal under Civ.R. 41(A)(1)(a), if the claimant continued to receive benefits for the period between the filing of the notice of appeal and the time when the claim was ultimately disallowed. In the case of state-risk employers, the supreme court observed, R.C. 4123.512(H) guarantees that amounts that should not have been paid to the claimant are charged to the state surplus fund, not to the employer's experience. See Kaiser,84 Ohio St.3d at 415, 1999-Ohio-360, 704 N.E.2d 1212.
 {¶ 19} The savings statute is not a statute of limitations or a tolling statute that extends the period of a statute of limitations. See Reese v. Ohio State Univ. Hosp. (1983),6 Ohio St.3d 162, 163, 451 N.E.2d 1196. However, with respect to prejudice caused by delay, the savings statute has similar purposes. Unlike the typical civil action, in a R.C. 4123.512
appeal from a decision of the Industrial Commission, staleness of a claim is not an issue that will hinder the trial de novo in the common pleas court. The documents and medical reports relating to the claimant's condition are preserved and are available to the parties in the Industrial Commission's file.
 {¶ 20} If there is any prejudice to be addressed by the application of the savings statute to R.C. 4123.512 appeals, that prejudice is to the common pleas court's ability to control the proceedings for up to one year or more following a voluntary dismissal of a claimant's complaint under Civ.R. 41(A)(1)(a). SeeKaiser, 84 Ohio St.3d at 415, 1999-Ohio-360, 704 N.E.2d 1212. In Robinson, the supreme court recognized that application of Civ.R. 41(A)(1)(a) can allow the claimant to arbitrarily delay the proceedings under the authority of the savings statute. See81 Ohio St.3d at 370, 1998-Ohio-432, 691 N.E.2d 667. It elected not to address this issue because only the applicability of Civ.R. 41(A)(2), which authorizes the trial court to determine the propriety of the dismissal, had been certified to the court. Unlike dismissals that are routinely subject to the court's control under Civ.R. 41(A)(2), in voluntary dismissals by the claimant under Civ.R. 41(A)(1)(a), if R.C. 2305.19 is held to apply, the claimant and not the court controls the timetable.
 {¶ 21} By contrast, if the savings statute does not apply, the common pleas court retains the ability, after a claimant voluntarily dismisses his or her complaint, to set deadlines by means of pretrial orders and to enforce those deadlines by a dismissal for failure to prosecute under Civ.R. 41(B)(1). This procedure provides "orderliness to the appellate proceeding" under R.C. 4123.512 and avoids the judicial rewriting of R.C.2305.19. Singer Sewing Machine Co. v. Puckett,176 Ohio St. at 37, 197 N.E.2d 353.
 {¶ 22} For all the foregoing reasons, we sustain Fowee's assignment of error. We reverse the order of the trial court granting Wesley Hall's motion for judgment on the pleadings and remand this case to the trial court for further proceedings consistent with this Opinion.
Judgment reversed and cause remanded.
Hildebrandt, P.J., and Painter, J., concur separately.
[1] The second petition is not in the record, but its refiling is not disputed in Wesley Hall's brief.