OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Richard Robinson ("appellant"), from the judgment of the Franklin County Court of Common Pleas rendered on June 24, 2005 in favor of defendant-appellee, Kokosing Construction Co., Inc. ("appellee"). Appellant filed a timely notice of appeal to this court.
 {¶ 2} On January 21, 1999, appellant sustained an injury in the course of and arising out of his employment with appellee. Appellant's industrial claim was allowed for lumbar and hamstring contusion and sprain. On December 23, 1999, appellant filed a motion seeking an additional allowance for "aggravation of degenerative disc disease of the lumbar spine with radiculopathy." The additional allowance was granted at the district and staff hearing levels. Appellee appealed to the Industrial Commission of Ohio ("commission"). That appeal was denied. Pursuant to R.C. 4123.512, appellee filed a timely notice of appeal to the Franklin County Court of Common Pleas.
 {¶ 3} On June 5, 2002, appellant filed his complaint setting forth his claim of entitlement to participation in the workers' compensation system. R.C. 4123.512(D). On February 20, 2004, appellant filed a notice of voluntary dismissal of the case pursuant to Civ.R. 41(A)(1).
 {¶ 4} Appellant did not refile his complaint. On June 15, 2005, appellee filed a motion for judgment based upon appellant's failure to refile his complaint within the one-year savings provision of R.C. 2305.19. The motion was granted and judgment entered in favor of appellee on June 24, 2005. This appeal followed.
 {¶ 5} At the outset, we must address appellee's contention that appellant failed to raise an "Assignment of Error" as required by the Ohio Rules of Appellate Procedure. We note that appellant's brief does not set forth a list of assignments of error, a statement of the issues presented for review or a statement of the case, all of which are required by App.R. 16(A)(3), (4) and (5).
 {¶ 6} Procedural rules adopted by courts are designed to promote the administration of justice and to eliminate undue delay. A substantial disregard of procedural rules cannot be ignored. Drake v. Bucher (1966), 5 Ohio St.2d 37, 39-40. We have urged members of the bar to follow the Ohio Rules of Appellate Procedure as well as this court's local rules to promote the administration of justice and eliminate undue delay.Hahn v. Satullo, 156 Ohio App.3d 412, 2004-Ohio-1057.
 {¶ 7} However, courts prefer to determine cases on the merits rather than upon procedural default. Although appellant's brief does not separately list "Assignments of Error," appellant has set out "Propositions of Law" which adequately define the issues upon which appellant seeks review. Therefore, we choose to decide this case on the merits.
 {¶ 8} Appellant raises the following issues for review, which we will consider as assignments of error:
Proposition of Law No. 1:
The Trial Court's June 24, 2005 Order Granting Kokosing's Motion For Judgment Entry Constitutes An Abuse of Discretion In that Robinson Was Not Afforded An Opportunity To Respond Thereto.
Proposition of Law No. 2:
R.C. 2305.19 (Ohio's Savings Statute) Does Not Apply To A Claimant In An Employer Initiated Appeal Under R.C. 4123.512.
Because our resolution of the second issue is dispositive to this appeal, we will address it first.
 {¶ 9} Appellant contends that Ohio's savings statute, codified in R.C. 2305.19, does not apply to an employer-initiated appeal under R.C. 4123.512. Therefore, appellant asserts that the trial court erred in entering judgment in favor of appellee. For the following reasons, we find appellant's argument unpersuasive.
 {¶ 10} R.C. 4123.512 provides the exclusive procedure for appealing a final decision of the commission regarding a claimant's right to participate in the workers' compensation fund. Under R.C. 4123.512(A), either the claimant or the employer may appeal an order of the commission to a common pleas court by filing a timely notice of appeal. Regardless of which party files the notice of appeal, the claimant then has 30 days within which to file a petition containing a statement of facts showing a cause of action to participate in the fund. R.C. 4123.512(D).
 {¶ 11} Similarly, the claimant is considered the plaintiff in the action whether he or the employer filed the notice of appeal. "For purposes of the Civil Rules, the pleading that R.C. 4123.512
names a petition is a complaint." It is the claimant who must present a claim for relief, plead all jurisdictional facts and bear the burden of proving those facts. Robinson v. B.O.C.Group, Gen. Motors Corp. (1998), 81 Ohio St.3d 361, 364. "`Thus, where an employer appeals an unfavorable administrative decision to the court the claimant must, in effect, re-establish his workers' compensation claim to the satisfaction of the common pleas court.'" Id. at 366, citing Zuljevic v. Midland-RossCorp., Unitcast Div. (1980), 62 Ohio St.2d 116, 118.
 {¶ 12} As with any other plaintiff, the claimant in an R.C.4123.512 appeal may avail himself to the benefit of Civ.R. 41(A) and voluntarily dismiss his complaint. Kaiser v. Ameritemps,Inc. (1999), 84 Ohio St.3d 411; Robinson, supra. However, the claimant is also subject to the terms of R.C. 2305.19, Ohio's savings statute. As the Ohio Supreme Court stated in Kaiser:
* * * [A]n employee cannot perpetually delay refiling after a voluntary dismissal because the savings statute, R.C. 2305.19, precludes claims refiled beyond a year from the time of the dismissal of the original complaint. * * * If [the claimant] does not refile his complaint within a year's time, he can no longer prove his entitlement to participate in the workers' compensation system. * * *
Id. at 415. (Citations omitted.)
 {¶ 13} Here, it is undisputed that appellant did not refile his complaint within a year of voluntarily dismissing his original petition. Instead, appellant simply argues that the savings statute does not apply to the proceedings, rendering the one-year time limit moot. Appellant urges this court to adopt the decision of the First District Court of Appeals in Fowee v.Wesley Hall, Inc., Hamilton App. No. C-040188, 2004-Ohio-7002, discretionary appeal allowed, 105 Ohio St.3d 1559,2005-Ohio-2447, which supports his position. However, appellant's argument is contrary to the binding precedent of the Ohio Supreme Court, as well as our previous decision in McKinney v. Ohio Bur.of Workers' Comp., Franklin App. No. 04AP-1086, 2005-Ohio-2330.
 {¶ 14} Accordingly, we find that the trial court properly rendered judgment in favor of appellee due to appellant's failure to refile his petition within the one-year period provided by Ohio's saving statute. Appellant's second proposition of law is overruled.
 {¶ 15} Appellant's first proposition of law asserts that the trial court erred in granting appellee's motion for judgment before appellant filed his response. Pursuant to Loc.R. 21.01 of the Franklin County Court of Common Pleas, the non-moving party has 14 days following the date of service in which to file a responsive document. Appellee filed its motion for judgment on June 15, 2005, serving appellant with a copy on the same day. Thus, appellant had until June 29, 2005 to file his memorandum in opposition. However, the trial court granted the motion on June 24, 2005, or five days before the end of appellant's response period.
 {¶ 16} Because the court granted the motion prematurely, we find that the trial court erred. However, in this case, the error is harmless and will not serve as grounds for reversal. "A reviewing court will not disturb a judgment unless the error contained within is materially prejudicial to the complaining party." Theobald v. Univ. of Cincinnati, 160 Ohio App.3d 342,2005-Ohio-1510, at ¶ 17. Even if the trial court had waited until the parties had completed the briefing process, the end result of this case would be unchanged: appellee was entitled to judgment because appellant failed to refile his complaint within one year of his Civ.R. 41(A) dismissal. Accordingly, the trial court's premature action amounts to harmless error, and appellant's first proposition of law is moot.
 {¶ 17} Based on the foregoing, appellant's second assignment of error is overruled and the first assignment of error is rendered moot. We affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Brown and Sadler, JJ., concur.