DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Andrew Pinkston has appealed from the judgment of the Summit County Court of Common Pleas which denied his motion to reactivate a dismissed case. We affirm.
 I {¶ 2} On April 23, 2003, Appellant was allegedly injured while operating a forklift during his employment with Defendant-Appellee Daimler Chrysler Corporation. Appellant sought and received workers' compensation for his injury. On February 3, 2004, Appellee filed its notice of appeal in the trial court seeking to challenge the decision to award Appellant compensation. On October 28, 2004, *Page 2 
Appellant voluntarily dismissed the complaint he was required to file in Appellee's administrative appeal. On October 5, 2005, Appellant attempted to refile the complaint. In doing so, Appellant filed his new complaint using the old case number and did not pay a filing fee. As a result, Appellant's complaint was placed in a closed file and no action was taken on it. On May 24, 2007, Appellant sought to reactivate the original case file. On that same day, the trial court denied Appellant's motion. Appellant has timely appealed the trial court's judgment, raising two assignments of error for review. As they are interrelated, we have combined Appellant's assignments of error.
 II Assignment of Error Number One "THE TRIAL COURT ERRED IN FAILING TO LIBERALLY INTERPRET THE WORKERS' COMPENSATION STATUTE IN FAVOR OF THE CLAIMANT."
 Assignment of Error Number Two "THE TRIAL COURT ERRED IN REFUSING TO ACCEPT THE RE-FILED COMPLAINT OF OCTOBER 5, 2005."
 {¶ 3} In each of his assignments of error, Appellant has argued that the trial court erred when it failed to accept his new complaint and reactivate the original case file. We disagree.
 {¶ 4} It is undisputed that the savings statute is applicable to the complaint at issue herein. See Fowee v. Wesley Hall, Inc.,108 Ohio St.3d 533, 2006-Ohio-1712. Consequently, the parties agree that the dispositive issue in this case is the *Page 3 
interpretation of the savings statute contained in R.C. 2305.19. R.C.2305.19(A) provides as in pertinent part as follows:
 "In any action that is commenced *** if the plaintiff fails otherwise than upon the merits, the plaintiff *** may commence a new action within one year after the date of *** the plaintiffs failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."
 {¶ 5} On appeal, Appellant has argued that this Court must liberally construe the savings statute because this is a workers' compensation matter. While Appellant's reasoning is correct, his conclusion is inappropriate. "As a matter of policy, the saving statute is to be liberally construed so that controversies are decided upon important substantive questions rather than upon technicalities of procedure."Stone v. N. Star Steel Co., 152 Ohio App.3d 29, 2003-Ohio-1223, at ¶ 15, citing Kinney v. Ohio Dept. of Adm. Serv. (1986),30 Ohio App.3d 123, 126. However, there is no need to liberally construe or interpret a statute when its meaning is clear and unambiguous. Lake Hosp. Sys., Inc.v. Ohio Ins. Guar. Assn. (1994), 69 Ohio St.3d 521, 525; State ex rel.Jones v. Conrad (2001), 92 Ohio St.3d 389, 392.
 {¶ 6} In support of his argument, Appellant has claimed that the trial court must retain jurisdiction over the original file despite a dismissal because the employer may receive judgment on the pleadings if a complaint is not refiled. The rationale for this rule was explained inKaiser v. Ameritemps, Inc. (1999), 84 Ohio St.3d 411, which held as follows: *Page 4 
 "Furthermore, an employee cannot perpetually delay refiling after a voluntary dismissal because the saving statute, R.C. 2305.19, precludes claims refiled beyond a year from the time of the dismissal of the original complaint. If an employee does not refile his complaint within a year's time, he can no longer prove his entitlement to participate in the workers' compensation system. The voluntary dismissal of the claimant's complaint does not affect the employer's notice of appeal, which remains pending until the refiling of claimant's complaint." (Internal citations omitted.) Id. at 415.
Appellant seeks to expand this rule to permit an employee who voluntary dismisses an action to reactivate the old case file without commencing a new action.
 {¶ 7} When confronted with a similar issue, the Eleventh District noted as follows:
 "The record also demonstrates that appellants failed to file a new case cover sheet with the clerk's office when they filed their `amended' complaint. The case was also filed under the old case number. Furthermore, the record indicates that appellants did not pay a new filing fee when appellants filed the `amended' complaint on January 25, 2001. One of the requirements for refiling a complaint properly once it has been dismissed under Civil Rule 41 is that the plaintiff pay a second filing fee. *** If appellants had wished to satisfy the requirements of the savings statute, appellants should have filed a new action, obtained a new case number with a new case cover sheet, and paid a new filing fee. Appellants did not do so in this case. As a result, appellants' amended complaint failed to meet the requirements of the savings statute." Williams v. Associates in Female Health, Inc., 11th Dist. No. 2001-T-0072, 2002-Ohio-4954, at ¶ 12, 15.
The Sixth District has held similarly, stating that "Appellant's amended complaint, although filed within the one-year time limit specified in the statute, was filed *Page 5 
under the original case number and clearly did not constitute a `new action.'" Roof v. Elias (Apr. 11, 1997), 6th Dist. No. L-96-207, at *1.
 {¶ 8} Like the appellants in Roof and Williams, Appellant failed to file a "new action" as required by the unambiguous terms of R.C.2305.19. Appellant did not file a case designation form as required by the court's local rules, did not pay a filing fee, and filed his "Refiled Complaint" under the old case number. As such, Appellant did not comply with the requirements of the savings statute. The trial court, therefore, did not err in refusing to reactivate Appellant's original action. Appellant's assignments of error lack merit.
 III {¶ 9} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 6 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P. J. MOORE, J. CONCUR