THE STATE EX REL. CARLILE, APPELLANT, *v.* OHIO BUREAU
OF WORKERS' COMPENSATION, APPELLEE.

[Cite *as State ex rel. Carlile v. Ohio Bur. of Workers'
Comp.* (2000), 90 Ohio St.3d 20.]

(No. 99–779—Submitted August 22, 2000—Decided September 20, 2000.)

*William Z. Christoff,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellee.

---

***Per Curiam.*** Claimant challenges the administrator's authority to modify a settlement amount agreed to by an employee and state fund employer. Finding the challenge to lack merit, we hereby affirm the judgment of the court of appeals.

Pursuant to R.C. 4121.121(B), the administrator's duties include:

"(18) Pursuant to section 4123.65 of the Revised Code, approv[al of] applications for the final settlement of claims for compensation or benefits * * * as the administrator determines appropriate * * *."

R.C. 4123.65 further provides:

"(A) A state fund employer or the employee of such an employer may file an application with the administrator of workers' compensation for approval of a final settlement of a claim under this chapter. The application shall include the settlement agreement, be signed by the claimant and employer, and clearly set forth the circumstances by reason of which the proposed settlement is deemed desirable[,] and that the parties agree to the terms of the settlement agreement * * *.

"(B) Except as provided in divisions (C) and (D) of this section, a settlement agreed to under this section is binding upon all parties thereto and as to items, injuries, and occupational diseases to which the settlement applies.

"(C) No settlement agreed to under division (A) of this section * * * shall take effect until thirty days after the administrator approves the settlement for state fund employees and employers * * *. During the thirty-day period, the employer, employee, or administrator, for state fund settlements * * * may withdraw consent to the settlement by an employer providing written notice to the employer's employee and the administrator or by an employee providing written notice to the employee's employer and the administrator, or by the administrator[,] providing written notice to the state fund employer and employee.

"(D) At the time of agreement to any final settlement agreement under division (A) of this section * * *, the administrator, for state fund settlements * * * immediately shall send a copy of the agreement to the industrial commission who shall assign the matter to a staff hearing officer. The staff hearing officer shall determine, within the time limitations specified in division (C) of this section, whether the settlement agreement is or is not a gross miscarriage of justice. * * * "

These statutes clearly empower the administrator to approve a settlement agreement between an employer and employee in a state fund claim. In this case, the administrator—as was his prerogative—did not approve the agreement after finding that the proposed amount was not substantiated by the medical activity in the claim.

In the absence of a clear legal right by claimant to the relief sought, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.