[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 20.]

THE STATE EX REL. CARLILE, APPELLANT, *v*. OHIO BUREAU OF WORKERS'
COMPENSATION, APPELLEE.

[Cite as *State ex rel. Carlile v. Ohio Bur. of Workers' Comp.*, 2000-Ohio-6.]

*Workers' compensation—Application for approval of final settlement—R.C. 4123.65, construed and applied—R.C. 4121.121(B) and 4123.65 empower Administrator of Bureau of Workers' Compensation to approve settlement agreement between an employer and employee in a state fund claim.*

(No. 99-779—Submitted August 22, 2000—Decided September 20, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-316.

_____

{¶ 1} Appellant-claimant, Richard A. Carlile, Jr., sustained a "lumbar sprain/strain" on March 30, 1993, in the course of and arising from his employment with Union Metal Corporation. Four years later, in 1997, he submitted to appellee, Bureau of Workers' Compensation, a "settlement agreement and/or application for approval of settlement agreement (for state fund employers only)." Signed by both claimant and employer, it listed a settlement figure of $35,000.

{¶ 2} A November 13, 1997 response from the bureau's Canton settlement team stated:

"This is a four year old soft tissue injury allowed for 'lumbar sprain/strain'. There has been no compensable lost time in this claim since 2-27-94. (There has been additional TT requested but the medical in file indicates that it does not substantiate to be necessitated by the original injury). The medical in the file also indicates that the on going treatment that the claimant is receiving is not substantiated for the allowed conditions in this claim. He has received $1,312.27 in chiropractic treatment since 10-2-97. He has received an 11% PP award on 6-21-95.

"As an offer to settle this matter, I am willing to offer an amended settlement for $5,000.

"If this amended offer is acceptable or if you have justification for an increase, please send a letter of request for the final agreement to the above address. * * *

" * * *

"If there is no response after 14 days, I will deny the settlement.  * * *"

{¶ 3} On December 27, 1997, the application was formally denied as:

"All parties do not agree with the settlement terms.  The request[ed] amount cannot be justified and the amended offer was not accepted."

{¶ 4} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the Bureau abused its discretion in denying the settlement application.  The court of appeals disagreed and denied the writ.

{¶ 5} This cause is now before this court upon an appeal as of right.

———————————

*William Z. Christoff*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellee.

———————————

***Per Curiam.***

{¶ 6} Claimant challenges the administrator's authority to modify a settlement amount agreed to by an employee and state fund employer.  Finding the challenge to lack merit, we hereby affirm the judgment of the court of appeals.

{¶ 7} Pursuant to R.C. 4121.121(B), the administrator's duties include:

"(18) Pursuant to section 4123.65 of the Revised Code, approv[al of] applications for the final settlement of claims for compensation or benefits * * * as the administrator determines appropriate * * *."

{¶ 8} R.C. 4123.65 further provides:

"(A) A state fund employer or the employee of such an employer may file an application with the administrator of workers' compensation for approval of a final settlement of a claim under this chapter. The application shall include the settlement agreement, be signed by the claimant and employer, and clearly set forth the circumstances by reason of which the proposed settlement is deemed desirable[,] and that the parties agree to the terms of the settlement agreement * * *.

"(B) Except as provided in divisions (C) and (D) of this section, a settlement agreed to under this section is binding upon all parties thereto and as to items, injuries, and occupational diseases to which the settlement applies.

"(C) No settlement agreed to under division (A) of this section * * * shall take effect until thirty days after the administrator approves the settlement for state fund employees and employers * * *. During the thirty-day period, the employer, employee, or administrator, for state fund settlements * * * may withdraw consent to the settlement by an employer providing written notice to the employer's employee and the administrator or by an employee providing written notice to the employee's employer and the administrator, or by the administrator[,] providing written notice to the state fund employer and employee.

"(D) At the time of agreement to any final settlement agreement under division (A) of this section * * *, the administrator, for state fund settlements * * * immediately shall send a copy of the agreement to the industrial commission who shall assign the matter to a staff hearing officer. The staff hearing officer shall determine, within the time limitations specified in division (C) of this section, whether the settlement agreement is or is not a gross miscarriage of justice. * * *"

{¶ 9} These statutes clearly empower the administrator to approve a settlement agreement between an employer and employee in a state fund claim. In this case, the administrator—as was his prerogative—did not approve the

agreement after finding that the proposed amount was not substantiated by the medical activity in the claim.

{¶ 10} In the absence of a clear legal right by claimant to the relief sought, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

―――――――――――