JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Shaker Foods, brings a consolidated appeal from two judgments of the Cuyahoga County Court of Common Pleas, Civil Division, awarding appellee Sandra Raymond Workers' Compensation benefits and attorney's fees. For the reasons that follow, we affirm the decisions of the trial court.
 {¶ 2} Shaker Foods, owned by Fuad Shaker and his family, has operated as a processor and wholesaler of potatoes, onions, carrots and lettuce since its inception in 1988. Shaker's workforce numbered approximately 50 employees, one of whom was Deborah Lyde ("Lyde"). On December 10, 1998, Lyde appeared at the Shaker plant to start her work shift accompanied by appellee Sandra Raymond. Lyde explained to Fuad Shaker that she had car trouble and that appellee Raymond had driven her to work that morning. However, Lyde informed Fuad Shaker that unless Raymond was allowed to stay at the Shaker plant and work that day, Lyde would have no way to get home and would not be able to complete her shift.
 {¶ 3} Raymond had not been hired through Shaker's normal employee application process, and Fuad Shaker was introduced to Raymond only that morning by Lyde. Deposition testimony revealed that Fuad Shaker was concerned about Lyde completing her shift that day because she was the only one knowledgeable about the operation of a certain machine vital to that day's production. Because the company had used temporary help in the past, although usually through a personnel service, Fuad Shaker acquiesced to Lyde's request and permitted Raymond to work that day as a temporary worker.
 {¶ 4} Raymond was assigned to the "lettuce line," where she was tasked with coring heads of lettuce. Fuad Shaker was not satisfied with her performance in that area and reassigned her to the carrot slicing machine. There, Raymond was to place whole carrots onto a conveyor, which carried them three or four feet to an automatic slicer. Sometime during her assignment there, Raymond was injured by the slicing apparatus. Raymond worked a total of five-and-one-half hours that day and was paid approximately $30.
 {¶ 5} Copious litigation arose from this workplace injury. Shaker appealed to the trial court after Raymond was awarded Worker's Compensation benefits. Meanwhile, Raymond executed settlement agreements as to her intentional tort claims against Shaker and against the manufacturer of the machine, CMI Equipment Engineering Company ("CMI") in a separate lawsuit,[1] but continued to pursue Worker's Compensation benefits in Case Nos. CV-99-382889 and CV-01-442112. The Bureau of Workers' Compensation ("BWC") did not approve the settlement agreements and was not a party to the other action. The BWC considers Raymond's claim to be an allowed state-fund claim.
 {¶ 6} A jury trial was held on June 18, 2004. Both Raymond and Shaker presented their cases; however, prior to sending the case to the jury, the trial court granted appellee Raymond's motion for a directed verdict and issued the following order:
 {¶ 7} "The court finds as a matter of law that the release relied upon by the [defendant] as a bar does not include [plaintiff's] worker's comp. claims and further said release was not filed and/or approved by the Bureau. [Plaintiff] moves for directed verdict. Said motion is granted. Court finds that [plaintiff] was an employee of [defendant] at the time of the accident."
 {¶ 8} Appellant Shaker now presents this consolidated appeal with eleven assignments of error filed in two appellant's briefs.[2]
Appellant filed a brief relative to the merits of the underlying case on September 29, 2004 ("Appellant's Brief I") with six assignments of error.[3] Appellant then filed a brief relative to the granting of the motion for attorney's fees pursuant to R.C. 4123.512(F) on November 3, 2004 ("Appellant's Brief II"), including five assignments of error.[4]
 Worker's Compensation {¶ 9} A party's right to appeal a decision concerning workers' compensation benefits is conferred only by statute, R.C. 4123.512. Feltyv. ATT Technologies, Inc. (1992), 65 Ohio St.3d 234, 237. The Ohio Supreme Court has narrowly interpreted R.C. 4123.512 to allow a party to appeal to the court of common pleas only a decision involving a claimant's right to participate or to continue to participate in the Workers' Compensation Fund. Thomas v. Conrad (1998), 81 Ohio St.3d 475, 477,692 N.E.2d 205. "Any issue other than whether the injury, disease, or death resulted from employment does not constitute a right-to-participate issue." State ex rel. Liposchak v. Indus. Comm. (2000), 90 Ohio St.3d 276,280. Workers' compensation statutes must be liberally construed in favor of the employee. R.C. 4123.95; MTD Products, Inc. v. Robatin (1991),61 Ohio St.3d 66, 68. However, an appellate court, upon review of the judgment of a trial court, should be "guided by a presumption" that the fact-finder's findings are correct. Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 79-80. In addition, an appellate court "should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." Seasons Coal Co.,10 Ohio St.3d at 80. Thus, this court will not reverse the trial court's judgment unless it is against the manifest weight of the evidence. Id.; see, also, App.R. 12(C).
 {¶ 10} R.C. 4123.512 provides a unique process of appeal for the parties. "It gives the claimant or the employer the right to appeal a decision of the Industrial Commission to the court of common pleas. However, regardless of whether the claimant or the employer appeals the decision of the Industrial Commission, it is the claimant's responsibility to file a petition showing a cause of action to participate or continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. `Thus, where an employer appeals an unfavorable administrative decision to the court the claimant must, in effect, re-establish his workers' compensation claim to the satisfaction of the common pleas court even though the claimant has previously satisfied a similar burden at the administrative level.'Zuljevic v. Midland-Ross Corp. (1980), 62 Ohio St. 2d 116, 118, 16 Ohio Op.3d 140, 142, 403 N.E.2d 986, 988." Kaiser v. Ameritemps,Inc., (1999) 84 Ohio St.3d 411 at 413-414.
 Jurisdiction {¶ 11} Appellant first argues that the trial court lacked subject matter jurisdiction over the instant matter and that appellee is barred from seeking worker's compensation benefits by R.C. 2305.19, which states in pertinent part:
 {¶ 12} "In an action commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date."
 {¶ 13} Shaker's Notice of Appeal from the Industrial Commission's decision to award benefits to Raymond was filed with the trial court in Case No. CV-99-382889. Raymond filed the statutorily required petition in response, setting forth a "statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action." Raymond then filed a Notice of Voluntary Dismissal pursuant to Civ.R. 41(A)(1) on June 20, 2000, which dismissal was granted and journalized by the court on June 27, 2000. On June 18, 2001, Raymond filed a new petition in Case No. CV-01-442112. Because the dismissal of Case No. CV-99-382889 had been appealed by Shaker,[5]
Raymond filed a motion to stay proceedings in the trial court in Case No. CV-01-442112 on September 13, 2001, which was granted by the trial court on December 31, 2001. On February 25, 2002, Raymond petitioned the trial court for reactivation and to consolidate Case No. CV-99-392889 with CV-01-442112, which was granted by the trial court on July 8, 2002. The case proceeded to trial two years thereafter.
 {¶ 14} As discussed above, the trial court has subject matter jurisdiction by statute as to the issue of Raymond's eligibility to participate in the Worker's Compensation Fund. Despite the fact that Shaker appealed the decision of the industrial commission, Raymond may employ Civ.R. 41(A)(1)(a) to voluntarily dismiss an appeal to the court of common pleas brought by the employer under R.C. 4123.512 because the claimant has the burden of proof in the action. Kaiser, 84 Ohio St.3d 411,412. Therefore, the Savings Statute applies to ensure that the claimant may not perpetually delay refiling. The employer's appeal remains pending during the one year following the dismissal of the claimant's complaint; thus, the trial court is not divested of jurisdiction. See Smith v.Continental Airlines, Cuyahoga App. No. 81010, 2002-Ohio-4181.
 {¶ 15} Admittedly, the trial court's handling of Raymond's myriad and sundry motions makes for a procedural muddle; however, Raymond's dismissed complaint was indeed refiled on June 18, 2001, within one year of the June 27, 2000 Civ.R. 41(A) dismissal entry of the prior complaint. Therefore, we find that the trial court was not divested of jurisdiction to hear this case, and appellant's first and second assignments of error as set forth in Appellant's Brief I are overruled.
 Casual Worker {¶ 16} In its third assignment of error (Appellant's Brief I), Shaker asserts that Raymond is not entitled to worker's compensation benefits because she was a "casual worker" and not an "employee" under R.C.4123.01(A)(1)(b). We disagree.
 {¶ 17} Shaker argues that it generally followed strict hiring procedures so that each worker in its plant would be documented and that Fuad Shaker did not follow those procedures on the day Raymond was put to work in the processing center. Shaker further argues that it was Fuad Shaker's intent that Raymond be temporary, i.e. "casual" help, although testimony revealed that temporary help in the past had been hired through an agency. Finally, Shaker argues that no contract of employment was formed such that Raymond could be considered an "employee" for Worker's Compensation purposes because Shaker failed to check her eligibility to work in the United States before she started work on the day in question, pursuant to U.S.C.A. 1324a, et seq.
 {¶ 18} One of the purposes of the workers' compensation system is to promote a safe and injury-free work environment. Rajeh v. Steel CityCorp., 157 Ohio App.3d 722, 731, 2004-Ohio-3211, 813 N.E.2d 697, citing Blankenship v. Cincinnati Milacron Chemicals, Inc. (1982),69 Ohio St.2d 608, 615, 433 N.E.2d 572. R.C. 4123.01(A) defines "employee" as a "person in the service of any person, firm, or private corporation, including any public service corporation, that (i) employs one or more persons regularly in the same business or in or about the same establishment under any contract of hire, express or implied, oral or written, including aliens and minors, household workers who earn one hundred sixty dollars or more in cash in any calendar quarter from a single household and casual workers who earn one hundred sixty dollars or more in cash in any calendar quarter from a single employer, or (ii) is bound by any such contract of hire or by any other written contract, to pay into the state insurance fund the premiums provided by this chapter."
 {¶ 19} First, an employer's failure to comply with the requirements of U.S.C.A. 1324a does not preclude an employee, even one who could not be legally employed in the U.S. because of his status as an alien subject to a deportation order, from receiving Worker's Compensation benefits. Rajehv. Steel City Corp., supra. Therefore, even if Raymond had been ineligible to work, she could properly seek benefits for her injury.
 {¶ 20} Further, it is unclear exactly what Raymond's status with Shaker would have been but for her injury. Raymond was unable to finish her shift at Shaker because she was injured, but it is not clear from the record presented whether she would have been invited back. Raymond testified that Fuad Shaker told her "[she] was hired" and to report to the secretary at the Shaker plant. Raymond further testified that she was given safety equipment and told she could complete the hiring paperwork after her shift. Fuad Shaker, however, denied ever speaking to Raymond until after she had been assigned a work station at the plant and testified that he agreed to put her to work only at the behest of his highly valued employee, Debbie Lyde. He also testified that Raymond was a "casual worker" and that it was his intent to keep her on for only one day.
 {¶ 21} It is clear, however, that Raymond did not earn $160 during her employ with Shaker. As a result, appellant asks this court to issue a disturbing precedent; indeed, appellant asks us to carve out a legal area where a "casual worker" who has not yet earned the requisite $160 because of a workplace injury is not entitled to the protections of R.C. 4123, et seq. Under appellant's theory, Raymond qualifies as neither an "employee" nor a "casual worker" merely because the employer, after the injury occurred, averred that it was not really his intention to hire her in the first place.
 {¶ 22} We decline to set such a precedent. After a review of the record presented, we agree with the trial court that Raymond was an employee of Shaker Produce, as defined by R.C. 4123.01(A), at the time she was injured. We further find that there exists competent and credible evidence supporting the trial court's findings. Appellant's third assignment of error in Appellant's Brief I is overruled.
 Release {¶ 23} In Appellant's Brief I, Shaker argues in its fourth assignment of error that the "Full and Final General Release" signed by Raymond in Case No. 99-CV-388990 divests Shaker of liability for any worker's compensation benefits because of this injury. This argument lacks merit.
 {¶ 24} The BWC is empowered to approve a settlement agreement between an employer and employee in a state fund claim. R.C. 4123.65; Jones v.Action Coupling Equip. Inc., 98 Ohio St.3d 330, 2003-Ohio-1099, N.E. 2d 1172; State ex rel. Carlile v. Ohio Bureau of Workers' Compensation,90 Ohio St.3d 20, 2000-Ohio-6. Where a settlement is reached during litigation that does not proceed pursuant to R.C. 4123.512, a claimant may not release his or her right to collect worker's compensation benefits without the approval of the BWC. Jones, supra.
 {¶ 25} Shaker asserts that the settlement agreement and release of tort claims executed by Raymond in Case No. 99-CV-388990 bars her from seeking workers' compensation benefits. However, no application for approval of that settlement was ever filed with the BWC, and no such approval was forthcoming. Therefore, Raymond is not barred from seeking benefits, and appellant's fourth assignment of error, as set forth in Appellant's Brief I, is overruled.
 Directed Verdict {¶ 26} In its fifth assignment of error, Appellant's Brief I, Shaker argues that the trial court erred in overruling its motion for a directed verdict and instead granting a directed verdict in favor of Raymond. A motion for directed verdict pursuant to Civ.R. 50 is to be granted when, construing the evidence most strongly in favor of the party opposing the motion, the trial court finds that reasonable minds could come to only one conclusion and that conclusion is adverse to such party. Civ.R. 50(A)(4); Crawford v. Halkovics (1982), 1 Ohio St.3d 184; The LimitedStores, Inc. v. Pan American World Airways, Inc. (1992), 65 Ohio St.3d 66. Because a directed verdict presents a question of law, an appellant court conducts a de novo review of the lower court's judgment. Howell v. DaytonPower and Light Co. (1995), 102 Ohio App.3d 6, 13; Keeton v.Telemedia Co. of S. Ohio (1994), 98 Ohio App.3d 1405, 1409.
 {¶ 27} A directed verdict is appropriate where the party opposing it has failed to adduce any evidence on the essential elements of his claim. Cooper v. Grace Baptist Church (1992), 81 Ohio App.3d 728, 734. The issue to be determined involves a test of the legal sufficiency of the evidence to allow the case to proceed to the jury, and it constitutes a question of law, not one of fact. Hargrove v. Tanner (1990),66 Ohio App.3d 693, 695; Vosgerichian v. Mancini Shah Associates,et al. (Feb. 29, 1996), Cuyahoga App. Nos. 68931 and 68943. Accordingly, the courts are testing the legal sufficiency of the evidence rather than its weight or the credibility of the witnesses. Ruta v. Breckenridge-RemyCo. (1982), 69 Ohio St.2d 66, 68-69.
 {¶ 28} Because we have already determined that there was competent, credible evidence to support appellee's claims, we now find that reasonable minds could have come to but one conclusion, and that a directed verdict for Raymond was proper. As discussed above, even when construed in the light favoring Shaker, the simple fact is that Fuad Shaker ignored his own hiring procedures at his peril. Raymond is an employee of Shaker for worker's compensation purposes, and the fifth assignment of error in Appellant's Brief I is hereby overruled.
 Counter Claims {¶ 29} In its sixth and final assignment of error in Appellant's Brief I, Shaker argues that the trial court erred in granting judgment to Raymond with respect to Shaker's counterclaims for breach of contract and abuse of process.
 {¶ 30} Shaker's argument rests on the assertion that the release signed by Raymond with respect to her tort claims encompasses her Workers' Compensation claim. As discussed above, we have determined it does not. In order to establish a claim of abuse of process, a plaintiff must satisfy three elements: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." Jones v. Norfolk S. Ry. Co., Cuyahoga App. No. 84394, 2005-Ohio-879, ¶ 25, citing Yaklevich v. Kemp, Schaeffer RoweCo., L.P.A., 68 Ohio St.3d 294 at 298, 1994-Ohio-503, 626 N.E.2d 115. We cannot find that a Workers' Compensation claimant who lawfully pursues benefits for a workplace injury has perverted the legal process; thus, the trial court did not err in granting judgment in favor of Raymond with respect to the abuse of process claim. Similarly, there can be no breach of contract when the settlement agreements relied upon by Shaker did not encompass Raymond's Workers' Compensation claim, as discussed above. Therefore, Shaker's assignment of error VI in Appellant's Brief I is hereby overruled.
 Civ.R. 52 {¶ 31} In general, when a party requests the court to reduce its findings of fact and conclusions of law to writing in an action tried without a jury, the court has a mandatory duty to do so. In re Adoptionof Gibson (1986), 23 Ohio St.3d 170, 492 N.E.2d 146. The provisions of Civ.R. 52 are mandatory when questions of fact are determined by the court without a jury. Werden v. Crawford (1982), 70 Ohio St.2d 122, 124,435 N.E.2d 424; State ex rel. Papp v. James (1994), 69 Ohio St.3d 373, 377,632 N.E.2d 889. However, the plain language of the rule reveals that it is not applicable to a jury trial case where verdicts are directed by the court. See Joseph G. Stafford Assocs. v. Skinner (Oct. 31, 1996), Cuyahoga App. No. 68597, 12-13; see, also, In re Adoption of Gibson,
supra; Werden v. Crawford, supra; Long v. Grinnell (Mar. 16, 1995), Cuyahoga App. No. 67077; State ex rel. Drake v. Athens Cty. Bd. ofElections (1988), 3913 Ohio St.3d 40, 528 N.E.2d 1253.
 {¶ 32} Appellant requested findings of fact and conclusions of law in the trial court as to both its finding that appellee was entitled to worker's compensation benefits and as to its grant of appellee's motion for legal fees. Because the trial court took the case from the jury and directed a verdict in Raymond's favor, findings of fact and conclusions of law were not mandatory. The trial court was also not required to issue findings and conclusions upon appellee's motion for legal fees because Civ.R. 52 specifically states that they are "unnecessary upon all other motions," which would include a motion for attorney's fees. Therefore, appellant's fifth assignment of error as set forth in Appellant's Brief II is overruled.
 Attorney's Fees {¶ 33} In Appellant's Brief II, assignments of error I — IV also deal with the award of attorney's fees to Raymond pursuant to R.C. 4123.512(F). R.C. 4123.512(F) states in pertinent part: "The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed twenty-five hundred dollars."
 {¶ 34} We review the trial judge's decision on an award of fees and costs under R.C. 4123.512(F) using an abuse of discretion standard. An abuse of discretion is more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. In order to find that the trial court abused its discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen.Hosp. (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1.
 {¶ 35} As this court stated in Brandon/Wiant Co. v. Teamor (1999),135 Ohio App.3d 417 at 422, "[A]s a general rule, the reasonableness of the value of attorney's fees ordinarily must be proven by competent, credible evidence and is not a proper matter for judicial notice. Gioffrev. Simakis (1991), 72 Ohio App.3d 424, 428, 594 N.E.2d 1013. An exception to this general rule exists where the value of the services is so obviously reasonable that it may be determined as a matter of law.Frey v. Stegall, 1994 Ohio App. LEXIS 1985 (May 2, 1994), Athens App. No. 1586. However, absent such special circumstance, the determination of the reasonableness of attorneys fees is within the discretion of the trial court. Meacham v. Miller (1992), 79 Ohio App.3d 35,606 N.E.2d 996."
 {¶ 36} In the instant case, the trial court found, "given the numerous proceedings, including dispositive motions, hearing and trial," that Raymond's attorney was entitled to the maximum amount of attorney's fees available under the statute. In light of the voluminous and tortured history of this case, we cannot find that the trial court abused its discretion in determining that a $2,500 fee was obviously reasonable in this case. Moreover, there is no statutory requirement that the trial court hold an evidentiary hearing prior to making such a finding. Therefore, assignments of error I through IV of Appellant's Brief II are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and McMonagle, J., Concur.
 APPENDIX A
Appellant's five assignments of error filed on September 29, 2004 ("Appellant's Brief I"):
1. "The trial court erred to the prejudice of defendantappellant, Shaker Produce, Inc. by overruling appellant's motion for the entry of a final judgment, in contravention of the one-year time limitation imposed by section 2305.19 of the Revised Code, the Supreme Court's decision inKaiser v. Ameritemps, Inc. (1999), 84 Ohio St. 3d 411, and this Court's decision in Rice v. Stouffer Foods Corp. (November 6, 1997), Cuyahoga App. No. 72515."
2. "The trial court erred in assuming and exercising jurisdiction over Case No. 01-442112."
3. "The trial court erred in overruling Shaker Produce, Inc.'s motion for summary judgment in Case No. 99-392889 because (i) appellee was not a R.C. § 4123.01(A)(1)(b) `employee' of Shaker Produce, Inc., since both the Civ. R. 56(E) Evidence and 8. U.S.C.A. § 1324a precluded the Existence of any contract of hire between those parties, and (ii) appellee was not a R.C. § 4123.01(A)(1)(b) `casual worker who earn[ed]one hundred sixty dollars or more in cash in any calendar quarter' from Shaker Produce, Inc."
4. "The trial court erred in refusing to grant judgment in Shaker Produce, Inc.'s favor upon the basis of plaintiff's `FULL AND FINALGENERAL RELEASE' and, after erroneously miscasting plaintiff's burden of proof regarding such release upon the defense, in granting judgment to plaintiff notwithstanding her having previously `remised, released andforever discharged' Shaker Produce, Inc., from liability upon `all claimsseveral and otherwise past, present, or future, which can or may ever beasserted by me.'"
5. "The trial court erred in overruling Shaker Produce, Inc.'s motions for a directed verdict and, instead, directing a verdict in favor of appellee."
6. "The trial court erred in granting judgment to plaintiff upon Shaker Produce, Inc.'s counterclaims for breach of contract and abuse of process."
 APPENDIX B
Appellant's six supplemental assignments of error filed on November 3, 2004 ("Appellant's Brief II"): 1. "The trial court committed error prejudicial to appellant, Shaker Produce, Inc., by considering appellee's motion for an attorney's fee award at all, because (i) no sworn proof of `the effort expended' by her attorney was presented within or with appellee's motion; (ii) no sworn proof that appellee was obligated to pay her counsel for services rendered was presented; and (ii) (sic) appellee failed to advise the court that sworn proof of either thereof would be presented at an evidentiary hearing."
2. "The trial court committed error prejudicial to appellant, Shaker Produce, Inc., by granting appellee's motion for an award of attorney's fees where appellee presented no evidence whatsoever to establish (i) `the effort expended' by her counsel in prosecuting appellee's claim before the trial court, as R.C. § 4123.512(F) requires, nor (ii) thereasonable value fo such unproven `effort,' as D.R. 2-106(B) requires."
3. "The trial court committed error prejudicial to appellant, Shaker Produce, Inc., by granting appellee's motion for an award of attorney's fees under R.C. § 4123.512(F) in the absence of any evidence tending to establish that appellee was obligated to pay her attorney anything at all for the services he rendered to prosecute her case before the trial court."
4. "The trial court committed error prejudicial to appellant, Shaker Produce, Inc., by granting appellee's motion for an award of attorney's fees under R.C. § 4123.512(F) without first holding an evidentiary hearing upon the issues raised by appellee's motion therefor."
5. "The trial court committed error prejudicial to appellant, Shaker Produce, Inc., and abused its discretion by overruling appellant's timely-filed, Civ. R. 52 motion for findings of fact and conclusions of law with respect to the award of attorney fees which it made."
[1] Cuyahoga County Common Pleas Case No. CV-99-388990.
[2] Because there were two case numbers associated with this case in the trial court, there are two appellate case numbers. For clarity, we will discuss appellant's assignments of error relative to the brief in which they were filed.
[3] See Appendix A for appellant's six assignments of error from "Appellant's Brief I."
[4] See Appendix B for appellant's five assignments of error from "Appellant's Brief II."
[5] On October 15, 2001, that appeal (Case No. 80058) was sua sponte dismissed by this court, pursuant to R.C. 2505.02, for lack of a final appealable order.